IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

David A. ADER,
Storekeeper Second Class (E-5),
U.S. Coast Guard

     Petitioner

v.


RADM Arthur Brooks, USCG,
Commander, Seventeenth Coast Guard District,

CAPT Vincent Weber, USCG,
Commanding Officer, CG PSC,

     and

United States
     Respondents

21 March 2008


PETITION FOR EXTRAORDINARY
RELIEF IN THE NATURE OF A WRIT
OF HABEAS CORPUS FILED ON 10
MARCH 2008


MISC. DOCKET NO. 003-08


ORDER – PANEL ONE

Petitioner was tried by general court-martial. Pursuant to a pretrial agreement, he pled guilty and was convicted of various offenses. On 29 August 2007 Petitioner was sentenced to a bad-conduct discharge, confinement for nine months, and reduction to E-1. The Convening Authority approved the sentence and, in addition, ordered that eight hundred dollars ($800.00) per month of any automatic forfeiture of entitled military pay imposed by operation of law be waived for a period of eighteen months from the date of his action and be payable to Mrs. D. Ader, pursuant to the pretrial agreement. The Judge Advocate General referred the record to this Court for review under Article 66, UCMJ, on 4 February 2008. Briefs have not yet been filed.

Petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus on 10 March 2008, seeking immediate release from confinement. Petitioner avers that from 29 August 2007 to the time this petition was filed, Petitioner's wife had not received any of the forfeitures expected to be waived or deferred pursuant to the pretrial agreement, which has created "great and unnecessary hardship to both the Petitioner and his wife." Petitioner alleges that the timely payment of these funds was a material part of the pretrial agreement. Hence Petitioner argues he did not receive the "benefit of his bargain," and therefore his plea should be found involuntary and he should be released from confinement immediately. Petitioner's position is supported by his affidavit.

On 21 March 2008, Respondents filed their Answer to the Court's Order to Show Cause, in which they concede that Respondents have failed to comply with a material term of the

pretrial agreement, which resulted in Petitioner not receiving what he bargained for. Therefore, Respondents concede that Petitioner's pleas were involuntary and concur that he should be immediately released from confinement.

On consideration of Petitioner's Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus, filed under the Court's Rules of Practice and Procedure, it is, by the Court, this 21st day of March, 2008,

ORDERED:

That Petitioner's Petition for Extraordinary Relief be, and the same is, hereby granted, and that Petitioner be immediately released from confinement.

Based on Petitioner's unrebutted affidavit and noting Respondents' concession, we find that he did not receive the benefit of his bargain as to a material term of his pretrial agreement. Accordingly, his pleas are improvident. *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003). The findings of guilty and the sentence are set aside, and the case is returned to the Judge Advocate General for referral to an appropriate convening authority, who may order a rehearing.



For the Court,


Jane R. Lim
Clerk of the Court

Copy: Office of Military Justice
       Appellate Government Counsel
       Appellate Defense Counsel